IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 14-01090-CV-W-DGK |
| | ) | |
| REAL PROPERTY LOCATED AT | ) | |
| 1920 4TH AVENUE, #406, SEATTLE, | ) | |
| WASHINGTON ALONG WITH | ) | |
| ALL ITS BUILDINGS, | ) | |
| APPURTENANCES, AND | ) | |
| IMPROVEMENTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**FIFTH AMENDED RESTRAINING ORDER**

Pending before the Court is the United States's Motion to Amend the Restraining Order (Doc. 184). Pursuant to 18 U.S.C. § 983(j) and the Court's previous orders (Docs. 179, 181), the Court GRANTS the motion and amends its previous restraining order (Doc. 132) as follows:

**I.     Generally.**

Defendants-investment accounts and -investments are hereby restrained in the manner described below in the section entitled "Prohibited Activities: Defendant Investment Accounts and Investments."

**II.    Definitions.**

For purposes of this order, the following definitions apply:

A. "Potential claimants" refers to the owners of the Defendant Real Properties and the Defendant Investment Accounts and Investments, or any other person or entity who may have an interest in any of those assets, and their successors, assignees, officers, agents, servants, employees, and attorneys, and those persons in active concert or

1

participation with it who receive actual notice of this order by personal service or otherwise.

B. "Defendant Investment Accounts and Investments" refers to the following Defendants:

- $4,448.47 in TD Ameritrade account number 786362974 in the name of Rex Yang, Jr.
- $228,868.82 in RBC account number 86617113 in the name of Rex Yang, Jr.
- $1,161.384.43 in RBC account number 86615808.
- $106,336.30 in Community National Bank account number 8223581 including $53,995.56 in sub-account American Realty Capital Global Trust, Inc., number 150211711 and $53,005.08 in sub-account American Realty Capital New York Recovery REIT number 150211711 in the name of Jake Schwartz.
- $108,281.88 in Community National Bank account number 8223589 in the name of Rex Yang, Jr.
- $51,157.03 in American Realty Capital Hospitality Trust, Inc., account number 120185650 in the name of Rex Yang, Jr.
- $102,056.95 in American Realty Capital New York Recovery REIT account number 150185650 in the name of Rex Yang, Jr.
- $51,137.03 in American Realty Capital Hospitality Trust, Inc., account number 150190099 in the name of Jake H. Schwartz.
- $51,010.73 in American Realty Capital New York Recovery REIT account number 150190099 in the name of Jake H Schwartz.
- $16,206.67 in E*Trade account number 60575294 in the name of Jake H. Schwartz.
- $53,261.09 in Phillip Edison-ARC Shopping Center REIT, Inc., account number 20035386 in the name of Jake H. Schwartz.
- $53,261.09 in Phillip Edison-ARC shopping Center REIT, Inc., account number 20035390 in the name of Rex Yang, Jr.
- $225,000 investment and security interest, plus interest or other return, granted to

Jake Schwartz by Fairview Eastlake, LLC, secured by 2248 Fairview Ave. E, Seattle, Washington 98102.

**III.     Prohibited Activities: Defendant Investment Accounts and Investments.**

A.     Potential claimants are enjoined from alienating, withdrawing, transferring, removing, dissipating or otherwise disposing of, in any manner, any moneys, sums, or investment vehicles of any kind, presently deposited, or held on behalf potential claimants, unless the Court orders the Defendant Investment Accounts and Investments to be liquidated as ordered by the Court with the net proceeds to be deposited into an interest-bearing account as the substitute *res*, held in the custody and control of the United States Department of Homeland Security or the United States Department of the Treasury, except as provided below.

B.     Potential claimants are enjoined from selling, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the disposal of, or removal from, the jurisdiction of this Court, any part of or interest in the Defendant Investment Accounts and Investments, without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as provided below.

C.     The business entities identified in the **"Defendant Investment Accounts and Investments"** section above as holding the investment accounts described in that section, may take the following actions with regard to the assets contained in an account in accordance with the documentation and agreements establishing the account: 1) reinvest dividends; 2) exercise options on stock or other investments; 3) collect fees to the extent those fees are specified in the documentation and agreements establishing the account.  The business entities described above shall notify the United States Attorney's Office for the Western District of Missouri, ATTN: Monetary Penalties Unit, Charles Evans Whittaker Courthouse, 400 E. 9th St., Suite 5510, Kansas City, Missouri 64106, whenever one of the actions enumerated above occurs.

**IV. Maintaining the Defendant Investment Accounts and Investments.**

During the pendency of this civil forfeiture action, potential claimants are ordered to do the following with respect to the Defendant Investment Accounts and Investments:

Potential claimants shall take all reasonable precautions to prevent the destruction or diminution in value of the Defendant Investment Accounts and Investments. The Defendant Investment Accounts and Investments shall remain invested but shall otherwise be maintained in place at their current locations as described above. The existing investment profile of the Defendant Investment Accounts and Investments shall be maintained as is and shall be not changed or altered without prior approval of the Court upon notice to the United States and an opportunity for the United States to be heard, except as provided in Section VII.C above.

**V. Monitoring of Defendant Investment Accounts and Investments.**

The United States may monitor potential claimants' compliance with this Order by all lawful means available.

**VI. Jurisdiction over Defendant Investment Accounts and Investments.**

The Court retains jurisdiction of this matter for all purposes. This Order remains in full force and effect until judgment is rendered on the civil forfeiture complaint filed with respect to the Defendant Investment Accounts and Investments, or further order of the Court.

**IT IS SO ORDERED.**

Date: January 17, 2017            /s/ Greg Kays
                                  GREG KAYS, CHIEF JUDGE
                                  UNITED STATES DISTRICT COURT